OPINION
{¶ 1} Robert Elifritz appeals from his conviction and sentence in Dayton Municipal Court on a third-degree misdemeanor charge of failing to abate a public nuisance.
 {¶ 2} Elifritz advances two assignments of error on appeal. First, he contends the trial court erred in finding that he owned the property constituting the nuisance. Second, he claims the trial court erred in finding that a "compliance agreement" did not preclude the City of Dayton from prosecuting him.
 {¶ 3} The charge in this case stemmed from a 1995 nuisance abatement order issued with regard to an abandoned foundry located at 1800 McCall Street in Dayton, Ohio. After receiving the order, Elifritz entered into a 1999 compliance agreement with representatives of the City of Dayton. Based on its belief that Elfritz had failed to meet the terms of the agreement, the City commenced the present action on February 1, 2002. The matter proceeded to trial on May 29, 2002, and Elfritz was found guilty. The trial court delayed sentencing several times to allow the parties to pursue a clean-up and demolition plan. Ultimately, Elfritz agreed to transfer the property to the City with an understanding that the City would perform the needed clean up. Thereafter, on September 25, 2002, the trial court imposed a suspended thirty-day jail sentence, ordered Elfritz to serve one year of unsupervised probation, and imposed a fine and court costs. Elfritz paid the fine and court costs on October 22, 2002. He filed his notice of appeal two days later.
 {¶ 4} In light of the foregoing facts, we have no occasion to address the merits of Elfritz's appeal. It is well settled that "where a criminal defendant, convicted of a misdemeanor,
voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." State v.Golston, 71 Ohio St.3d 224, 226, 1994-Ohio-109, citing State v.Wilson (1975), 41 Ohio St.2d 236, and State v. Berndt (1987),29 Ohio St.3d 3.
 {¶ 5} The record before us contains no motion by Elfritz in the trial court or in this court seeking to stay execution of his sentence. The record is equally devoid of any journal entry staying execution of his sentence. Thus, it appears that Elfritz voluntarily paid his fine and court costs. We note too that his unsupervised probation expired by its own terms in September, 2003. Finally, we find nothing in the record to suggest that Elfritz may suffer some collateral legal disability or loss of civil rights as a result of his misdemeanor conviction for failure to abate a nuisance on property that he apparently no longer owns. Under these circumstances, we sua sponte dismiss the present appeal as moot.
 {¶ 6} Appeal dismissed.
Grady, J., and Young, J., concur.