O'Neill, J.
*484 {¶ 1} In this case we are asked to determine whether the collateral-consequences exception to the mootness doctrine applies to an appeal of an expired domestic-violence civil protection order issued pursuant to R.C. 3113.31, in the absence of any collateral consequences at the time of the appeal. We hold that absent a showing of legal collateral consequences resulting from an expired domestic-violence civil protection order, an appeal of that order is moot.
*485 Facts and Procedural History
{¶ 2} Appellee Rebecca and appellant Curtis Cyran's marriage was dissolved in 2013, and a shared-parenting decree was put into effect for their three sons. On June 19, 2015, in the Montgomery County Court of Common Pleas, Domestic Relations Division, Rebecca filed a petition for a domestic-violence civil protection order against Curtis under R.C. 3113.31. The incident that led Rebecca to file the petition took place when she was picking up the children from Curtis on June 17, 2015. Rebecca's petition stated that she was approaching the front door of Curtis's house when Curtis rushed out the front door and threw her backward into the bushes. The petition added that Curtis went back inside the house, then came back out and said that Rebecca was lucky that he did not shoot her. The domestic-relations court issued an ex parte domestic-violence civil protection order on June 19, 2015. The order made no change to Curtis and Rebecca's parenting schedule and was to remain in effect until June 19, 2016.
{¶ 3} On July 2, 2015, a magistrate conducted a full evidentiary hearing on Rebecca's petition. The magistrate found by a preponderance of the evidence that Rebecca was in danger of or had been a victim of domestic violence as defined in R.C. 3113.31(A) and on August 20, 2015, issued a decision and permanent domestic-violence civil protection order that expired on June 19, 2016. Curtis timely objected to the magistrate's decision, arguing that his statement was a conditional threat and that the protection order was not supported by the manifest weight of the evidence. On January 15, 2016, the trial court dismissed Curtis's objections and adopted the magistrate's order without change, retaining the June 19, 2016 expiration date. Curtis timely appealed. On September 9, 2016, the appellate court issued a show-cause order asking the parties to explain why the case should not be dismissed as moot because the protection order had expired. Curtis responded that Rebecca had sought the domestic-violence civil protection order only as leverage for herself in future postdivorce proceedings. Curtis also argued that he faced the possibility of collateral consequences with respect to his concealed-firearm permit and his credit report as well as his ability to obtain housing, drive certain vehicles, and obtain future employment. He urged the court to adopt the rule of the Eighth District Court of Appeals that the possibility of collateral consequences is sufficient to support appellate consideration of an expired domestic-violence *489 civil protection order. See Wilder v. Perna , 174 Ohio App.3d 586, 2007-Ohio-6635, 883 N.E.2d 1095 (8th Dist.). Rebecca did not respond to the show-cause order, and she did not seek to extend the protection order.
{¶ 4} On October 14, 2016, the appellate court dismissed the appeal as moot. The court examined each of the potential collateral consequences asserted by Curtis and found no provision of Ohio law imposing sanctions or adverse legal *486 consequences on the basis of an expired protection order. The court acknowledged the Eighth District's Wilder decision but declined to apply it. The court determined that it had no authority to speculate whether Curtis would suffer collateral consequences from the expired order in future postdivorce proceedings.
{¶ 5} Curtis appealed to this court, asserting the following two propositions of law:
Proposition of Law No. 1: The collateral consequences exception to mootness applies to an appeal from an expired protection order when the appellant faces possible collateral consequences that may not be ascertainable at the time of the appeal.
Proposition of Law No. 2: There is a rebuttable presumption that an appeal from an expired protection order is not moot.
{¶ 6} On February 22, 2017, this court accepted Curtis's discretionary appeal. 148 Ohio St.3d 1409, 2017-Ohio-573, 69 N.E.3d 750. We also determined that a conflict exists between the Second District's decision in this case and the Eighth District's decision in Wilder on the following question of law: "Does the collateral consequences exception to mootness apply to an appeal from an expired protective order when the appellant faces possible collateral consequences that may not be ascertainable at the time of the appeal?" Accordingly, we consolidated Curtis's discretionary appeal with the certified-conflict case. 148 Ohio St.3d 1408, 2017-Ohio-573, 69 N.E.3d 749.
{¶ 7} We reject both propositions of law and answer the certified question in the negative. We hold that in the absence of demonstrated legal collateral consequences, the collateral-consequences exception to the mootness doctrine does not apply to an expired domestic-violence civil protection order. In reaching this conclusion, however, we express no opinion or whether another exception to the mootness doctrine might apply in a different case. We also decline to establish a rebuttable presumption that an appeal from an expired domestic-violence civil protection order is not moot.
Analysis
Unascertainable Collateral Consequences
{¶ 8} In his first proposition of law, Curtis argues that the collateral-consequences exception to the mootness doctrine applies to an appeal from an expired protection order when the appellant faces possible collateral consequences that may not be ascertainable at the time of the appeal. We disagree.
*487 {¶ 9} The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect. Fortner v. Thomas , 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties. In re A.G. , 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. Thus, when parties "lack a legally cognizable interest *490 in the outcome," a case becomes moot. Powell v. McCormack , 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). This court has recognized the collateral-consequences exception to the mootness doctrine in criminal and traffic cases. State v. Golston , 71 Ohio St.3d 224, 227, 643 N.E.2d 109 (1994) (due to the numerous statutory restrictions imposed on convicted felons, an appeal of a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal); Cleveland Hts. v. Lewis , 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 23, 31 (a misdemeanant demonstrates a substantial stake in the judgment of conviction even after the sentence has been completed when he contests the charges at trial and, after being convicted, seeks a stay of execution of sentence for the purpose of preventing an intended appeal from becoming moot; in her concurring opinion, Justice Lundberg Stratton pointed to Ohio Revised Code provisions that use a prior misdemeanor charge to enhance the penalty for a future criminal charge or penalty); State v. Wilson , 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus (a misdemeanant must offer evidence from which an inference can be drawn that the misdemeanant suffers some collateral disability in order to maintain the right to appeal a conviction); In re S.J.K. , 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 14, 18 (an appeal of a conviction for a traffic offense does not become moot after the defendant has paid the fines and costs, because the statutory imposition of points on a person's driver's license constitutes a collateral disability). Thus, under current law, the collateral-consequences exception to mootness applies in cases in which the collateral consequence is imposed as a matter of law. That is not the case here.
{¶ 10} Here, Curtis asserts that the collateral-consequences exception to the mootness doctrine should be applied even when the consequences may not be ascertainable at the time of the appeal. He urges us to adopt the rule in Wilder , 174 Ohio App.3d 586, 2007-Ohio-6635, 883 N.E.2d 1095. In Wilder , the Eighth District held that an appeal of an expired protection order is not moot, "because it is reasonably possible that adverse collateral consequences may occur." Id. at ¶ 16. The court adopted the rationale of the Connecticut Supreme Court that " 'in the sensitive and often explosively litigated context of family dysfunction and dissolution,' " it is reasonably possible that adverse collateral consequences may occur as a result of the expired order. Id. at ¶ 15-16, quoting Putman v. Kennedy , 279 Conn. 162, 169-174, 900 A.2d 1256 (2006). We disagree.
*488 {¶ 11} Finding a reasonable possibility that a collateral consequence may occur calls for speculation. We understand that divorce, postdivorce, and custody proceedings are sometimes acrimonious. However, "[i]t has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." Fortner at 14, 257 N.E.2d 371. Here, as the Second District explained, there is no provision of Ohio law that imposes a restriction as a result of an expired protection order. Curtis does not demonstrate or argue that he has suffered any consequences. Rather, he argues that the possibility of future collateral consequences should preserve his appeal of the expired order. We are not convinced. Speculation is insufficient to establish a legally cognizable interest for which a court can order relief using the collateral-consequences exception to the mootness doctrine.
*491 Rebuttable Presumption
{¶ 12} In his second proposition of law, Curtis asserts that there should be a rebuttable presumption that an appeal from an expired protection order is not moot. We decline to establish such a presumption. As discussed above, it is well established that the role of courts is to " 'decide actual controversies by a judgment which can be carried into effect.' " Miner v. Witt , 82 Ohio St. 237, 238, 92 N.E. 21 (1910), quoting Mills v. Green , 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Further, this court has made it clear that courts have a responsibility to refrain from giving advisory opinions. Smith v. Leis , 111 Ohio St.3d 493, 2006-Ohio-6113, 857 N.E.2d 138, ¶ 16.
{¶ 13} Equally clear is that domestic-violence civil protection orders are creatures of statute. R.C. 3113.31 establishes a comprehensive statutory scheme for issuing, modifying, and terminating domestic-violence civil protection orders. The statute vests the court with broad authority to tailor domestic-violence civil protection orders to fit the needs of each particular case. Felton v. Felton , 79 Ohio St.3d 34, 37-38, 679 N.E.2d 672 (1997). The statute does not, however, establish a rebuttable presumption that an appeal from an expired order is not moot, and it does not authorize courts to hear appeals of expired orders. Establishing a rebuttable presumption in R.C. 3113.31 that an expired civil protection order is not moot is a matter for the Ohio General Assembly, not for this court. Morris Plan Bank of Cleveland v. Viona , 122 Ohio St. 28, 32, 170 N.E. 650 (1930) (statutes should be amended by legislative enactment, not by judicial construction).
Conclusion
{¶ 14} "The presence of a disagreement, however sharp and acrimonious it may be, is insufficient to create an actual controversy if the parties to the action do not have adverse legal interests."
*489 State ex rel. Barclays Bank, P.L.C. v. Hamilton Cty. Court of Common Pleas , 74 Ohio St.3d 536, 660 N.E.2d 458 (1996), paragraph one of the syllabus. Accordingly, we hold that in the absence of demonstrated legal collateral consequences, an appeal from an expired domestic-violence civil protection order does not satisfy the collateral-consequences exception to the mootness doctrine. We note, again, that we express no opinion about whether another exception to the mootness doctrine might apply in a different case.
Judgment affirmed.
O'Connor, C.J., and O'Donnell, French, Fischer, and DeWine, JJ., concur.
Kennedy, J., dissents, with an opinion.