[Cite as *State v. Bittles*, 2018-Ohio-4228.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-15 |
| | : | |
| v. | : | Trial Court Case No. 2018-TRD-474 |
| | : | |
| MELANIE K. BITTLES | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2018.

. . . . . . . . . . .

RONALD C. LEWIS, Atty. Reg. No. 0061980, Prosecuting Attorney, Xenia Municipal
Court, 101 North Detroit Street, Xenia, Ohio 45385-2911
    Attorney for Plaintiff-Appellee

MORGAN M. MASTERS, Atty. Reg. No. 0080858, 250 East Broad Street, 10th Floor,
Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} On February 7, 2018, Defendant-appellant, Melanie K. Bittles, pleaded guilty to one count of speeding, a minor misdemeanor pursuant to R.C. 4511.21(D)(4) and (P)(1)(a). The trial court ordered that Bittles pay a fine of $125, plus court costs, and suspended her driver's license for 30 days, a discretionary sanction under R.C. 4510.15 for violation of a law or ordinance relating to reckless operation of a motor vehicle. Bittles argues that the trial court abused its discretion by suspending her driver's license. Because the suspension has expired, and further because Bittles has not challenged the adjudication of her guilt, we dismiss this appeal for mootness.

{¶ 2} For her single assignment of error, Bittles argues that:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING A LICENSE SUSPENSION UPON DEFENDANT-APPELLANT UNDER R.C. 4510.15, WHERE THE RECORD AND CIRCUMSTANCES DID NOT SUPPORT A FINDING THAT THE SPEEDING OFFENSE ALONE RELATED TO RECKLESS OPERATION.

{¶ 3} Bittles contends that Ohio case law indicates "speed alone" is not a permissible basis for the imposition of a driver's license suspension, meaning that in her case, "the trial court was required to analyze the facts and circumstances surrounding her speeding violation before imposing a license suspension." *See* Appellant's Br. 4 and 7. According to criteria considered by other appellate courts in comparable cases, Bittles maintains that she committed "a simple speeding violation which did not warrant a license suspension under R.C. 4510.15." *See id.* at 7 and 8.

{¶ 4} A "case becomes moot" when the parties " 'lack a legally cognizable interest

in the outcome.' " *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). An "appellate court need not consider an issue, and will dismiss [an] appeal, when [it] becomes aware of an event that has rendered the issue moot * * *." *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 15, citing *Miner v. Witt*, 82 Ohio St. 237, 238, 92 N.E. 21 (1910); *see also Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008 CA 103, 2009-Ohio-2552, ¶ 8, citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). In a case in which " 'a defendant convicted of a misdemeanor has not moved for a stay of [her] sentence, and has completed the sentence and paid any fine[s] or costs,' " an appeal " 'from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that * * * she will suffer [a] collateral legal disability or loss of civil rights stemming from [the] conviction.' " *State v. Lovato*, 2d Dist. Montgomery No. 25683, 2014-Ohio-2311, ¶ 45, quoting *State v. Parrish*, 2d Dist. Montgomery Nos. 25032 & 25050, 2013-Ohio-305, ¶ 5; *City of Dayton v. Elifritz*, 2d Dist. Montgomery No. 19603, 2004-Ohio-455, ¶ 4, quoting *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994). A "collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the [defendant's service or satisfaction of the] sentence." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10, citing *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

{¶ 5} Here, Bittles did not move for a stay; has already paid her fine; and has already completed service of her driver's license suspension. Nevertheless, an appeal from a conviction for a traffic offense is not necessarily rendered moot once the defendant

has paid any fines and costs, inasmuch as the statutorily mandated assessment of points against the defendant's driving record constitutes a collateral disability. *See Cyran* at ¶ 9; *In re S.J.K.* at ¶ 13-14 and 18; *see also* R.C. 4510.036 (captioned "Records of Bureau of Motor Vehicles—Points Assessed"). During oral argument, Bittles suggested that because R.C. 4510.15 authorizes a trial court to impose a driver's license suspension only for violations "relating to reckless operation," the record of her suspension in the files of the Bureau of Motor Vehicles has caused her auto insurance premium to increase.

{¶ 6} Bittles, however, has not challenged the adjudication of her guilt, but only the sentence imposed. She requests that we "vacate the license suspension" and "order [that] a corrected [termination] entry be sent" to the Bureau of Motor Vehicles "deleting the suspension from [her] driving record." Appellant's Br. 8. Yet, with the adjudication of her guilt left undisturbed, the relief requested by Bittles would not eliminate any collateral disability associated with her conviction, because any points assessed against her driving record would remain. *In re S.J.K.* at ¶ 13 (noting that a court is affirmatively "required to assess points" when a defendant is convicted for a traffic offense).

{¶ 7} Furthermore, Bittles has not provided evidence of her pre-suspension and post-suspension insurance premiums, nor has she shown that she will suffer a collateral disability as the result of the mere existence of a record of her driver's license suspension—even without an entry reflecting the suspension, the records of the Bureau of Motor Vehicles would still indicate that Bittles was cited for speeding, including the speed at which she was driving and the number of points assessed for the violation. Therefore, we conclude that Bittles has not demonstrated that she will suffer a collateral disability as a result of the existence of a record of her driver's license suspension. The

assignment of error is accordingly moot, and this appeal is dismissed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Ronald C. Lewis
Morgan M. Masters
Hon. Michael K. Murry