[Cite as *Elmurr v. Makdessi*, 2019-Ohio-1437.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MALVINA ELMURR, AKA MAKDESSI   :

    Plaintiff-Appellant        :

                                           No. 107273

    v.                            :

JOSEPH MAKDESSI   :

    Defendant-Appellee.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  April 18, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-17-365915

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant.*

Paris & Paris, John T. Paris, *for appellee.*

RAYMOND C. HEADEN, J.:

{¶ 1}  Plaintiff-appellant Malvina Elmurr Makdessi ("Elmurr") appeals from the lower court's granting of a domestic violence civil protection order against defendant-appellee Joseph Makdessi ("Makdessi") that did not include the parties' infant daughter as a protected person.  For the reasons that follow, we reverse.

## Procedural and Substantive History

{¶ 2} Elmurr arrived in the United States from her native Lebanon in December 2015 on a 90-day fiancée visa. She and Makdessi were married on February 6, 2016. In August 2016, Elmurr became a lawful permanent resident.

{¶ 3} On November 18, 2016, Elmurr gave birth to a daughter. Shortly after their daughter's birth, Elmurr called police to their house following an altercation between the parties.

{¶ 4} On February 21, 2017, Elmurr was served with divorce papers from Makdessi. Divorce proceedings between the parties are ongoing. On February 23, 2017, another incident occurred in which, according to Elmurr, Makdessi wanted to take the baby from her. Elmurr alleged that Makdessi pulled her out of the apartment by her hair and attempted to grab the baby from her and from Elmurr's mother.

{¶ 5} Elmurr subsequently sought a protection order. She requested that the trial court issue a domestic violence civil protection order against Makdessi for the protection of herself and her minor child for a term of five years, the maximum permissible time for the duration of a protection order under R.C. 3113.31. The trial court granted an ex parte protection order on February 27, 2017, that listed Elmurr and her minor child as protected persons.

{¶ 6} A full hearing before a magistrate was held, taking place over three separate dates: September 1, 2017; January 3, 2018; and January 19, 2018. Both

parties were represented at the hearing, and both parties testified and were cross-examined. A friend of Makdessi's, Officer Kenneth Willner ("Willner") also testified.

{¶ 7} The testimony of both parties makes clear that their marriage was fraught from its outset. Initially, Makdessi's mother lived with the couple. This created tension between the parties, and eventually, at Elmurr's urging, the couple moved into their own apartment. Subsequently, Elmurr's mother moved into the couple's apartment.

{¶ 8} At the hearing, Elmurr testified that, over the course of their marriage, Makdessi had been physically violent and threatening towards her, engaging in hair pulling, pushing her, rapping on her head with his knuckles, and drunkenly forcing her to engage in sexual intercourse. Elmurr testified that as a result of her fear of Makdessi, she began sleeping in a room with her mother and daughter, separate from Makdessi, and would lock herself inside the room to avoid him. Elmurr also testified that Makdessi would hold their daughter incorrectly and left the child unattended outside in the winter for approximately thirty minutes at a time.

{¶ 9} Following the hearing, the magistrate issued a domestic violence civil protection order, listing Elmurr as a protected person, to remain in effect until September 26, 2018. The magistrate made the following findings of fact:

> Petitioner's testimony is found to be essentially credible with respect to the incidents involving herself and Respondent. Respondent's testimony is found to be less than credible. Officer Willner's testimony is found to be essentially credible but somewhat biased in favor of his friend, the Respondent. Petitioner's testimony is sufficient to support

a finding that Respondent committed domestic violence as defined in O.R.C. 3113.31 and that the Petitioner is in danger of domestic violence. The Court further finds that there was insufficient credible evidence presented that warranted the parties' minor child be protected.

{¶ 10} On February 14, 2018, Elmurr filed preliminary objections to the magistrate's decision. On April 9, 2018, Elmurr filed supplemental objections to the magistrate's decision.

{¶ 11} On May 15, 2018, the trial court overruled Elmurr's objections and adopted the magistrate's decision. The trial court reiterated that absent credible evidence, the minor child would not be listed as a protected person. Further, the court stated:

> Furthermore, the Court notes there is a pending Motion to Modify Temporary Parental Rights (Pre-Decree) #409440 in the divorce proceedings (Case No.: DR 17 365747) filed by Plaintiff/Father.

> The Court has jurisdiction to modify parental rights and responsibilities and visitation orders in the divorce proceedings and all issues regarding the parties' minor child are under the jurisdiction of Case No.: DR 17 365747.

{¶ 12} Elmurr now appeals, presenting two assignments of error for our review.

## Law and Analysis

{¶ 13} In her first assignment of error, Elmurr argues that the trial court erred and abused its discretion in failing to include the parties' minor child as a protected person on the protection order. In her second assignment of error, she argues that the trial court abused its discretion in ordering that the terms of the protection order be effective until September 26, 2018. Elmurr continues to seek a

protection order for herself and her minor child for a duration of five years, the statutory maximum.

{¶ 14} R.C. 3113.31 authorizes a trial court to issue a domestic violence civil protection order where the petitioner has presented sufficient credible evidence to support a finding that the respondent had engaged in acts or threats of domestic violence. *Allan v. Allan*, 8th Dist. Cuyahoga No. 101212, 2014-Ohio-5039, ¶ 14. Thus, challenges to the issuance of a protection order are essentially challenges to the manifest weight of the evidence, in which appellate courts "must be guided by the presumption that the findings of the trier of fact were indeed correct." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The rationale for this presumption is that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.*

{¶ 15} Because courts are expressly authorized to "craft protection orders that are tailored to the particular circumstances," challenges to the scope of a protection order are reviewed for abuse of discretion. *M.D. v. M.D.*, 8th Dist. Cuyahoga Nos. 106581 and 106758, 2018-Ohio-4218, ¶ 45, citing *Allan*, quoting *Reynolds v. White*, 8th Dist. Cuyahoga No. 74506, 1999 Ohio App. LEXIS 4454 (Sept. 23, 1999). "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, a reviewing court may not

substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308 (1990).

{¶ 16} Because both assignments of error challenge the scope of the protection order, we review both for abuse of discretion. We turn first to Elmurr's second assignment of error, in which she challenges the duration of the protection order.

{¶ 17} R.C. 3113.31(E)(1)(d) provides that a protection order "may [t]emporarily allocate parental rights and responsibilities for the care of, or establish temporary parenting time rights with regard to, minor children, if no other court has determined, or is determining, the allocation of parental rights and responsibilities for the minor children or parenting time rights." R.C. 3113.31(E)(3)(b) provides that such an order "shall terminate on the date that a court in an action for divorce, dissolution of marriage, or legal separation brought by the petitioner or respondent issues an order allocating parental rights and responsibilities for the care of children." A court issuing a protection order is statutorily permitted to issue temporary orders allocating parental rights and responsibilities in order to stop domestic violence, but the statute does not vest the court with authority to modify the allocation of parental rights and responsibilities in the CPO proceeding. *Dowhan v. Dowhan*, 11th Dist. Lake No. 2012-L-065, 2013-Ohio-4097, ¶ 14, citing *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 23 (4th Dist.), citing *Signer v. Signer*, 8th District Cuyahoga No. 85666, 2006-Ohio-3580, ¶ 19.

{¶ 18} As an initial matter, we must acknowledge the unique procedural posture of this case. The trial court adopted the magistrate's decision and issued the protection order on May 15, 2018. Elmurr appealed on June 4, 2018, challenging both the duration and scope of the order. The order was set to expire on September 26, 2018. On September 19, 2018, Elmurr filed a motion to modify the order in the trial court, seeking to extend the duration of the order. The trial court has not ruled on that motion, pending this appeal.

{¶ 19} Generally, an appeal from an expired domestic violence civil protection is moot unless the appellant can demonstrate legal collateral consequences. *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 14. Here, Elmurr's challenge to the protection order is in part based on its duration; the expiration date of the order was less than five months after its adoption by the trial court. Where an order may have expired during the pendency of an appeal by a petitioner challenging the duration of the order, the appeal is not moot. A case becomes moot when parties "'lack a legally cognizable interest in the outcome.'" *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Because the thrust of Elmurr's argument is that she has an ongoing interest in enjoying the benefits of a domestic violence civil protection order, we find an actual legal controversy overcoming any alleged mootness of this appeal.

{¶ 20} In her second assignment of error, Elmurr argues that the trial court abused its discretion in ordering that the terms of the civil protection order be effective until September 26, 2018. We agree.

{¶ 21} The lower court found that Elmurr had presented credible evidence that Makdessi had committed domestic violence as defined in R.C. 3113.31, and that she was in danger of future domestic violence. After a thorough review of the record, this court has been unable to find any evidence supporting the trial court's determination of September 26, 2018 as the date of the expiration of the civil protection order. In particular, we found no evidence in the record to conclude that Elmurr would no longer face this danger from Makdessi after September 26, 2018. R.C. 3113.31(g) expressly provides that "[t]he remedies and procedures provided in this section are in addition to, and not in lieu of, any other available civil or criminal remedies." While we recognize that civil divorce proceedings between the parties are ongoing as of the date of this appeal, that fact alone does not warrant a conclusion that the protection order was appropriately limited in duration. *See Parker v. Parker*, 1st Dist. Hamilton No. C-130658, 2014-Ohio-5516. Further, the Ohio Supreme Court has held that because violence against a former spouse may not stop with a separation, there are strong policy reasons to extend protection orders even after a divorce has become final. *Felton v. Felton*, 79 Ohio St.3d 34, 41, 679 N.E.2d 672 (1997). Based on the record, we can only conclude that the September 26, 2018 expiration date was chosen by the court out of premature deference to divorce proceedings that remain ongoing. We find this date to be

arbitrary. For the reasons described above, a final judgment in the divorce proceedings would not necessarily negate Elmurr's need for protection from Makdessi. Even if it did, though, there has been no such final judgment in the divorce proceedings. Further, we recognize the statutory limitations of a protection order relative to a court's custody determination for the couple's child. However, because the court has not made a preclusive custody determination in the divorce proceedings between the parties, these statutory limitations relating to the couple's child are inapplicable and do not justify the seemingly arbitrary September 26, 2018 date selected by the trial court as the expiration date of the civil protection order. The statutory limitations relating to the couple's child are even less applicable where the trial court failed to include the minor child as a protected person on the order. For these reasons, in the absence of credible evidence in the record indicating that the danger precipitating the civil protection order will pass as of September 26, 2018, we find that the trial court's decision to impose a protection order for a duration of time less than the amount of time requested by Elmurr — the statutory maximum of five years — was an abuse of discretion.

{¶ 22} We turn next to Elmurr's first assignment of error, in which she argues that the trial court abused its discretion in failing to include her infant daughter as a protected person on the protection order.

{¶ 23} R.C. 3113.31(A)(1)(a)(iii) defines domestic violence as "committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code." An abused child is defined as,

inter alia, any child who is "endangered" as defined in R.C. 2919.22. R.C. 2919.22, in turn, provides that one endangers a child by "creat[ing] a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."

{¶ 24} Here, the trial court found sufficient credible evidence that Makdessi had engaged in acts of domestic violence against Elmurr. This finding was made solely on the basis of Elmurr's testimony, which included multiple accounts of physical violence against her within close proximity of their daughter. At the time of the hearings in this case, the child was an infant, and Elmurr was still breastfeeding her. Further, Elmurr testified that she feared for her daughter's safety and welfare, and she believed that Makdessi was using their daughter as a weapon against her. Even if Elmurr's testimony did not contain credible evidence that Makdessi had engaged in acts of domestic violence directly against their daughter, the testimony was sufficient to conclude that Makdessi had repeatedly created a substantial risk to his daughter's health and safety, in accord with R.C. 2919.22, both by virtue of her proximity to domestic violence and the persistent threat against her mother. Therefore, we find that it was unreasonable and an abuse of discretion for the trial court not to include the parties' infant daughter as a protected person on the protection order.

{¶ 25} For the foregoing reasons, we sustain Elmurr's assignments of error and remand to the trial court for proceedings consistent with this opinion.

{¶ 26} Judgment reversed and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR