[Cite as *Hammond v. Hammond*, 2020-Ohio-3443.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GRANT CHRISTOPHER HAMMOND, | : | APPEAL NO. C-190376 |
| | | TRIAL NO. DR-1002715 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| BRENDA KAY HAMMOND, n.k.a. | : | |
| BRENDA KAY LARSON, | | |
| | | |
| Defendant-Appellee. | : | |

Appeal From:    Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: June 24, 2020

*Grant Christopher Hammond*, pro se,

*Lindhorst & Dreidame* and *Jay R. Langenbahn*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} Plaintiff-appellant Grant C. Hammond appeals from the order of the Hamilton County Court of Common Pleas, Domestic Relations Division, finding him in contempt. Because Hammond voluntarily purged the contempt finding, the appeal is moot.

{¶2} The record shows that Hammond's marriage to defendant-appellee Brenda K. Larson was terminated by a divorce decree entered in July 2012. In that decree, the court had named Larson as the sole residential and legal custodian of the parties' two children, affording her the sole authority to determine the children's schooling.

{¶3} Larson moved for contempt in August 2017 because Hammond had enrolled the parties' oldest child in a school located within his school district. He claimed he was authorized to register the child based on a letter he had allegedly received from the docket clerk of the domestic relations court. After an evidentiary hearing, the magistrate found Hammond in contempt, in violation of R.C. 2705.02(A), based on his "resistance" to the July 2012 divorce decree.

{¶4} Hammond filed objections to the magistrate's decision. The trial court subsequently overruled the objections and adopted the magistrate's decision finding Hammond in contempt. The court additionally sentenced Hammond to 30 days in the Hamilton County Justice Center and a $250 fine, but provided Hammond with the opportunity to purge the contempt by paying to Larson, on or before July 8, 2019, the sum of $2225, as reimbursement for her reasonable and necessary attorney fees incurred as a result of the contemptuous conduct.

{¶5}   Hammond now appeals, challenging the finding of contempt in his sole assignment of error.  Hammond, however, admits in his appellate brief that he paid Larson's attorney fees, as ordered by the domestic relations court, to purge the contempt.

{¶6}   A trial court order finding a party in civil contempt of court and imposing a sentence conditioned on the failure to purge constitutes a final appealable order on the issue of whether the party is in contempt of court.  *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 23, cited in *Souders v. Souders*, 1st Dist. Hamilton No. C-150552, 2016-Ohio-3522, ¶ 13.   But "American courts will not decide cases in which there is no longer an actual legal controversy between the parties."  *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9.   "Thus, when parties 'lack a legally cognizable interest in the outcome,' a case becomes moot."  *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

{¶7}   In the context of a civil contempt, when the contemnor voluntarily purges the contempt, the propriety of the contempt order is rendered moot and the appeal challenging the contempt finding should be dismissed.  *See Darr v. Livington*, 2017-Ohio-841, 85 N.E.3d 1260, ¶ 15 and 18 (10th Dist.); *McRae v. McRae*, 1st Dist. Hamilton No. C-110743, 2012-Ohio-2463, ¶ 7 and 9; *see also Docks Venture* at ¶ 22 ("But if Dashing Pacific had avoided the sanction by purging the contempt, then it would have rendered its appeal [of the contempt] moot.").

{¶8}   We note that a contemnor may use the procedure set forth in R.C. 2705.09 to obtain an appellate bond to stay the contempt order.  *See Pugh v. Pugh*, 15 Ohio St.3d 136, 142, 472 N.E.2d 1085 (1984).   This statute provides:

> The judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal. Appeal proceedings shall not suspend execution of the order or judgment until the person in contempt files a bond in the court rendering the judgment, or in the court or before the officer making the order, payable to the state, with sureties to the acceptance of the clerk of that court, in an amount fixed by the reviewing court, or a judge thereof, conditioned that if judgment is rendered against such person he will abide by and perform the order or judgment.

R.C. 2705.09. Hammond failed to avail himself of the procedure set forth in R.C. 2705.09.

{¶9} Because Hammond has purged the contempt, and there is no controversy remaining for this court to decide, the matter is now moot. Therefore, the appeal is dismissed sua sponte.

Appeal dismissed.

**MOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

> The court has recorded its own entry on the date of the release of this opinion.