**[Cite as *State v. Smith*, 2020-Ohio-6645.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28794 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-2978 |
| | : | |
| DAMON B. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of December, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Damon B. Smith appeals from his conviction for disorderly conduct, a fourth-degree misdemeanor. He was sentenced to community control, which was immediately terminated. No fine was imposed and court costs were waived. His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal and asking permission to withdraw as counsel. By entry filed August 27, 2020, we notified Smith that his counsel found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. He has not filed a brief.

### I. Procedural History

{¶ 2} Smith was indicted on September 17, 2018 on one count of violation of a protection order, a fifth-degree felony due to a prior conviction for that offense. Considerable delay ensued while Smith appealed his prior conviction. That appeal was dismissed as moot on September 6, 2019. *State v. Smith,* 2d Dist. Montgomery No. 27981, 2019-Ohio-3592. The Ohio Supreme Court declined to accept that case for review on February 12, 2020.

{¶ 3} On April 9, 2020, a bill of information was filed charging Smith with one count of disorderly conduct as a fourth-degree misdemeanor. On April 22, 2020, Smith appeared in court with counsel, was fully advised of his rights regarding the bill of information, and waived those rights and agreed to enter a no contest plea to the information. After a complete Crim.R. 11 colloquy, Smith knowingly, intelligently and voluntarily pled no contest to the charge of disorderly conduct "by making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating

unwarranted and grossly abusive language to any person and the offender persisted in this disorderly conduct after reasonable warning or request to desist." Bill of Information p. 1. *See also* R.C. 2917.11(A)(2) and E(3)(a). With apparent agreement and understanding of all concerned, the original charge was dismissed, Smith was immediately sentenced to community control, community control was then administratively terminated, no fine was imposed and court costs were waived.

### Potential Assignment of Error

{¶ 4} Smith's attorney's brief suggests that a potential assignment of error could be whether the record contained evidence in support of the disorderly conduct charge. The brief states that Smith's plea "was unrelated to the offense that occurred," which was the indicted charge of violation of a protective order. Nonetheless, counsel concluded this potential assignment of error did not have arguable merit. We agree.

{¶ 5} R.C. 2937.07 provides that a trial court accepting a no contest plea in a misdemeanor case is required to hear an "explanation of the circumstances of the offense" and then determine whether the facts are sufficient to convict on the misdemeanor offense. *See State v. Adams*, 2d Dist. Montgomery No. 22493, 2009-Ohio-2056, ¶ 14. In this case, separate and apart from the bill of information which specified the disorderly conduct charge, the State provided to the court a two-page police report detailing the event in question. The court made a "finding of guilt based on the facts in the bill of information, the plea itself, as well as the incident report." Transcript of Plea/Sentencing at 13. Accordingly, R.C. 2937.07 has been satisfied and the suggested potential assignment of error has no merit and would be frivolous.

### II. Analysis

**{¶ 6}** We have performed our duty to independently conduct a thorough and complete examination of all the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶ 7}** Our review included scrutiny of the entire record, including the docketed filings, and the plea and sentencing hearing transcripts. We agree with appointed counsel's assessment that there are no appealable issues with arguable merit. The trial court conducted a thorough and complete Crim.R. 11 plea hearing and concluded that Smith knowingly, voluntarily, and intelligently waived his rights and entered his plea. There is no evidence to the contrary.

### III. This appeal is moot

**{¶ 8}** In Smith's previous case, we stated:

"The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Thus, when parties 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

"It is well settled that 'where a criminal defendant, convicted of a

misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.' " *City of Dayton v. Elifritz*, 2d Dist. Montgomery No. 19603, 2004-Ohio-455, ¶ 4, quoting *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), and *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987). *State v. Smith,* 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8-9.

{¶ 9} Smith does not offer any indication that his disorderly conduct conviction will result in a collateral disability or loss of civil rights. Further, our independent review reveals no collateral consequence or loss of civil rights. Therefore, the appeal is moot.

### Conclusion

{¶ 10} Although ordinarily we would find that Smith's appeal is frivolous on the merits, the appeal is entirely moot and is also frivolous for that reason. We grant counsel's request to withdraw. Smith's appeal is dismissed as moot.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
Hon. Steven K. Dankof