[Cite as *State v. Burtis*, 2023-Ohio-4162.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-22-048

    Appellee                                 Trial Court No.  2022CR0130

v.

Ronald K. Burtis                            **DECISION AND JUDGMENT**

    Appellant                                Decided:  November 17, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Ronald Burtis appeals from the July 14, 2022 judgment of the
Wood County Court of Common Pleas, convicting him following his plea of guilty to one
count of forgery and sentencing him to 16 months in prison.  On appeal, Burtis argues
that the trial court failed to properly consider the principles and purposes of sentencing
under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12 when
imposing its sentence.  Because Burtis has completed his sanction and has been released,
his appeal is now moot and is therefore dismissed.

## I. Factual Background and Procedural History

{¶ 2} On April 21, 2022, the Wood County Grand Jury indicted Burtis on one count of counterfeiting in violation of R.C. 2913.30(B)(2) and (C), a felony of the fourth degree, and one count of forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(c)(i), a felony of the fourth degree. On May 23, 2022, Burtis pleaded guilty to the count of forgery. In exchange, the state agreed to dismiss the count of counterfeiting.

{¶ 3} At the sentencing hearing on July 11, 2022, the trial court considered the record, all oral statements, the presentence investigation report, the victim's impact statement, Burtis's financial information, the principles and purposes of sentencing, and the seriousness and recidivism factors. The court determined that because the victim suffered psychological harm as a result of the offense, because Burtis was on post-release control at the time, has a history of criminal convictions, and has not responded favorably to prior sanctions for criminal conduct, and because Burtis has no stable housing, no support system, and does not want to change his criminal behavior, Burtis is not amenable to community control. Thus, the trial court sentenced Burtis to 16 months in prison, with credit for 113 days served.

2.

## II. Assignment of Error

{¶ 4} Burtis timely appealed his judgment of conviction, asserting one assignment of error for review:

> 1. The trial court failed to comply with the principles and purposes of R.C. 2929.11 and R.C. 2929.12 and appellant's sentence should be vacated.

## III. Suggestion of Mootness

{¶ 5} On August 17, 2023, the state filed its combined appellate brief and suggestion of mootness. 6th Dist.Loc.App.R. 10(I) provides,

> If any party believes that the appeal has become moot, the party shall address the issue in its brief. * * * The opposing party may file a response to the suggestion of mootness within the 14-day period provided by App.R. 15.

Attached to the state's brief was a printout from Burtis's Offender Search page created by the Ohio Department of Rehabilitation and Correction, indicating that Burtis was released from prison on July 8, 2023. Burtis has not responded to the state's suggestion of mootness.

## IV. Analysis

{¶ 6} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *State v. Smith*, 6th Dist. Wood No. WD-22-053, 2023-Ohio-1779, ¶ 14, quoting *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24,

3.

97 N.E.3d 487, ¶ 9. "American courts will not decide cases in which there is no longer an actual legal controversy between the parties. * * * Thus, when parties lack a legally cognizable interest in the outcome, a case becomes moot." (Internal quotations omitted.) *Id.*, quoting *Cyran* at ¶ 9. "Evidence that a case is moot can come from outside the record." *Id.* at ¶ 13, quoting *Darr v. Livingston*, 2017-Ohio-841, 85 N.E.3d 1260, ¶ 16 (10th Dist.).

{¶ 7} "A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." *State v. Strohl*, 6th Dist. Wood No. WD-05-049, 2006-Ohio-1639, ¶ 7, quoting *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus.

{¶ 8} Here, however, Burtis does not challenge his underlying conviction. Instead, he only challenges the trial court's sentencing decision. "Since appellant only challenges the length of [his] term of incarceration and not the underlying conviction, we need not hear the appeal if 'no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.'" *Id.* at ¶ 8, quoting *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 9; *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus ("Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is

4.

offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.").

{¶ 9} In *Strohl*, this court held that an appeal from a judgment imposing a nine-month prison term was moot where the appellant argued that a nine-month prison sentence was contrary to law and unsupported by the record, and where the term had been served and the appellant released from prison. *Strohl* at ¶ 3, 9; *see also Ambriez* at ¶ 3-4, 10 (appeal challenging imposition of consecutive sentences is moot where the sentence is served and the defendant has been released from prison and not subjected to post-release control).

{¶ 10} Accordingly, because Burtis only challenges the trial court's imposition of sentence and because Burtis has completely served that sentence and been released from prison, his appeal is now moot and is therefore dismissed.

### IV. Conclusion

{¶ 11} For the foregoing reasons, Burtis's appeal of the judgment of the Wood County Court of Common Pleas is dismissed. Burtis is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                 _____
                                  JUDGE

Myron C. Duhart, P.J.

Charles E. Sulek, J.                 _____
CONCUR.                                            JUDGE

       _____
                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.