**[Cite as *Norman v. Branco*, 2025-Ohio-791.]**

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**SENECA COUNTY**

MADISON A. NORMAN,

        CASE NO. 13-24-24

    PLAINTIFF-APPELLEE,

  v.

RYAN M. BRANCO,            **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Domestic Relations Division
Trial Court No. 23 CV 0256

**Appeal Dismissed**

**Date of Decision: March 10, 2025**

**APPEARANCES:**

    *John M. Kahler II* **for Appellant**

**ZIMMERMAN, J.**

{**¶1**} Respondent-appellant, Ryan M. Branco ("Branco"), appeals the June 28, 2024 judgment of the Seneca County Court of Common Pleas overruling his objections to the civil stalking protection order ("CSPO") issued on December 12, 2023. For the reasons that follow, we dismiss Branco's appeal as moot.

{**¶2**} On October 23, 2023, petitioner-appellee, Madison A. Norman ("Norman"), filed a petition for an ex parte CSPO alleging that Branco sent text messages, emails, and social media posts to harass her. An ex parte CSPO was issued that same day. A full hearing on the matter was held on December 11, 2023. Thereafter, on December 12, 2023, a CSPO was issued. Pursuant to its terms, the CSPO was effective until June 30, 2024. Branco timely filed his objections to the CSPO, which the trial court overruled on June 28, 2024.

{**¶3**} On July 8, 2024, Branco filed his notice of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**The Decision Of The Court Was Not Supported By Competent Credible Evidence As The Petitioner Failed To Prove The Elements For A Civil Stalking Protection Order.**

**Second Assignment of Error**

**The Court Erred When It Questioned The Unrepresented Petitioner As On Direct, Thereby Ensuring To Elicit Sufficient**

**Evidence To Support A Finding On Behalf Of The Unrepresented Petitioner.**

**{¶4}** Before we address Branco's assignments of error, we sua sponte consider whether the appeal is moot given that the CSPO expired on June 30, 2024. On January 14, 2025, we issued a show-cause order asking Branco to explain why the case should not be dismissed as moot because the CSPO had expired. Branco failed to respond.

**{¶5}** "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Cyran* at ¶ 9, citing *In re A.G.*, 2014-Ohio-2597, ¶ 37. Thus, when an actual legal controversy ceases to exist, the court must dismiss the case as moot. *M.R. v. Niesen*, 2022-Ohio-1130, ¶ 7.

**{¶6}** In *Cyran*, the Supreme Court of Ohio held that "in the absence of *demonstrated* legal collateral consequences, the collateral-consequences exception to the mootness doctrine does not apply to an expired domestic-violence civil protection order." (Emphasis added.) *Cyran* at ¶ 7. The appellant in *Cyran* argued that he faced *possible* collateral consequences from the expired civil protection order that could impact his concealed-firearm permit, his credit report, as well as his ability to obtain housing, drive certain vehicles, and obtain future employment.

*Id.* at ¶ 3. The Supreme Court of Ohio rejected this argument. "Finding a reasonable possibility that a collateral consequence may occur calls for speculation." *Id.* at ¶ 11. "Speculation is insufficient to establish a legally cognizable interest for which a court can order relief using the collateral-consequences exception to the mootness doctrine." *Id.* Thus, an appellant must demonstrate that he or she has suffered legal collateral consequences from the expired civil protection order for the collateral-consequences exception to the mootness doctrine to apply. In the absence of such demonstration, an appeal must be dismissed as moot.

{¶7} The same rationale applies here. Branco has not demonstrated that he has suffered any legal collateral consequences arising from the CSPO such that the collateral-consequences exception to the mootness doctrine would apply. As previously stated, the CSPO expired on June 30, 2024. Since the CSPO is expired, there is no longer an actual legal controversy between the parties. Furthermore, it is the role of the courts to decide actual controversies by a judgment that can be carried into effect. *Cyran*, 2018-Ohio-24, at ¶ 12.

{¶8} For the foregoing reasons, Branco's appeal is dismissed as moot.

*Appeal Dismissed*

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**