[Cite as *Tupps v. Jansen*, 2013-Ohio-1403.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| JACQUELINE TUPPS | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Petitioner-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-COA-26 |
| WILLIAM JANSEN | : | |
| | : | |
| Respondent-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Ashland County Court
of Common Pleas, Case No. 12-CPO-074

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 4, 2013

APPEARANCES:

For Petitioner-Appellee                     For Respondent-Appellant

HOWARD W. GLICK                      JOHN DILTS
23 West Main Street                      28 South Park Street
Ashland, OH 44805                      Mansfield, OH 44902

*Gwin, J.*

{¶1} Respondent-Appellant William Jansen appeals the June 19, 2012 judgment entry of the Ashland County Court of Common Pleas to affirm and adopt the Magistrate's Decision of March 26, 2012, granting a Civil Stalking Protection Order ("CSPO") against him for the protection of Petitioner-Appellee Jacqueline Tupps and her husband Jason Tupps.

## FACTS & PROCEDURAL HISTORY

{¶2} On February 28, 2012, Petitioner-Appellee Jacqueline Tupps filed a Petition for an Ex Parte Civil Stalking Protection order against Respondent-Appellant William Jansen. The trial court granted the ex parte CSPO. A full hearing on the petition was held on March 9, 2012, before the magistrate. At the hearing, the magistrate heard testimony from Richard Rowe, Jacqueline Tupps, and William Jansen.

{¶3} Appellant is Appellee's uncle. There are three houses on Appellee's street. Appellee's house is the furthest down the lane from the county road. Her house is approximately two to three hundred yards away from the next house on the lane, which is the house where Appellant's daughter lives.

{¶4} Appellee testified to the following incidents: On January 12, 2012 and February 2, 2012, Appellant drove at a high rate of speed down her road and was spinning his tires. On January 31, 2012, Appellant rode a four-wheeler to Appellee's house and was going so fast he spun gravel. Appellant drove by Appellee's parents' house on February 20, 2012, and pointed at the house while Appellee was walking in the garage. Mr. Rowe, Appellee's father, told her about two threatening phone calls made by Appellant on February 17, 2012. On February 27, 2012, Appellant stopped his

truck at the end of Appellee's lane, was fifty to seventy-five feet away from her, got out of his truck and pointed at her for approximately twenty seconds. Appellee testified Appellant had no reason to be past his daughter's house.

{¶5} Appellee testified she was petrified by Appellant's actions and because of the incidents, she is afraid to be alone, had a security system installed, won't leave her home if she is alone, and is afraid to drive in and out of her driveway.

{¶6} Appellee's father, Richard Rowe, testified that on February 17, 2012, Appellant first called the cell phone of Rowe's wife and, while on speakerphone, threatened to shoot Appellee and her husband twice during the conversation. Appellant referred to Appellee and her husband with profanity instead of by name. During a second phone call to Rowe directly on the same day, Appellant said he was going to shoot "Tupps" (T. at 12).

{¶7} Appellant admitted to driving past Appellee's house, but stated he was looking for his mother or getting his belongings out of a garage where he had them stored. He stated he did take a four-wheeler up Appellee's driveway, but only did so because he was concerned another neighbor was going to shoot his daughter's dog. Appellant was asked twice if he had ever threatened Appellee or her husband and each time responded he never threatened them with a gun.

{¶8} Based on the preponderance of the evidence, the magistrate found Appellee established Appellant engaged in a pattern of conduct that knowingly caused Appellee to believe Appellant would cause her physical harm and caused Appellee to suffer mental distress. The magistrate granted the CSPO on March 26, 2012. The CSPO was effective until September 9, 2012.

{¶9} Appellant filed an objection to the magistrate's decision on April 2, 2012. The trial court issued a judgment entry on April 4, 2012, ordering the preparation of a transcript and giving the parties fourteen days from the filing of the transcript to file a memorandum regarding the objections. Appellant filed a supplemental objection to the magistrate's decision on May 30, 2012, after the transcript was filed on May 16, 2012. The trial court issued a judgment entry on June 19, 2012, overruling Appellant's objections and adopting the CSPO issued on March 26, 2012.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} "THE TRIAL COURT ERRED IN FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT APPELLANT HAS ENGAGED IN THE OFFENSE OF MENACING BY STALKING AGAINST APPELLEE AND SUCH FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶12} Appellant argues the trial court's decision to grant the CSPO was not supported by the manifest weight of the evidence. We disagree.

{¶13} Initially, we note some courts have held once a protection order expires, an appeal of that protection order is moot. *See, e.g., Devine-Riley v. Clellan*, 10th Dist. No. 11AP-112, 2011-Ohio-4367. However, several courts have found an unspecified exception to the mootness doctrine applies when an appeal is taken from an expired CSPO. *Daugherty v. Cross*, 5th Dist. No. 2005-CA-0078, 2006-Ohio-5545; *Fortney v. Willhoite*, 11th Dist. No. 2011-L-120, 2012-Ohio-3024; *Wilder v. Perna*, 174 Ohio App.3d 586, 2007-Ohio-6635, 883 N.E.2d 1095 (8th Dist.). Accordingly, we will address the merits of Appellant's appeal even though the CSPO expired on September 9, 2012.

**{¶14}** R.C. 2903.214 provides in pertinent part: "A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member by filing a petition with the court." To be entitled to a civil stalking protection order, the petitioner must show by a preponderance of the evidence that the respondent engaged in menacing by stalking, a violation of R.C. 2903.211, against the person seeking the order. *See Tumblin v. Jackson*, 5th Dist. No. 06CA002, 2006-Ohio-3270, ¶ 17.

**{¶15}** R.C. 2903.211(A), "menacing by stalking," states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."

**{¶16}** The decision whether to grant a civil protection order lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Olenik v. Huff*, 5th Dist. No. 02-COA-058, 2003-Ohio-4621, at ¶ 21. To find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Further, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

**{¶17}** Appellant first argues Appellee failed to prove by a preponderance of the evidence that Appellant engaged in a pattern of conduct because there was only one telephone conversation made in two parts and the only alleged threat was conditional.

**{¶18}** R.C. 2093.211 provides:

(D) As used in this section:

(1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents.

**{¶19}** "R.C. 2903.211(D) (1) does not require that a pattern of conduct be proved by events from at least two different days. Arguably, a pattern of conduct could arise out of two or more events occurring on the same date, provided that there are sufficient intervals between them." *State v. Scruggs*, 136 Ohio App.3d 631, 634, 737 N.E.2d 574 (2nd Dist. 2000). The statute does not define the term "closely related in time," but case law suggests the trier of fact should consider the evidence in the context of all circumstances of the case. *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-3465, 856 N.E.2d 1003 (12th Dist.). The trier of fact is best able to decide on a case-by-case basis. *State v. Dario*, 106 Ohio App.3d 232, 665 N.E. 2d 759 (1995). Trial courts may take every action into consideration, even if some actions in isolation would not seem particularly threatening. *Guthrie v. Long*, 10th Dist. No. 04AP-913, 2005-Ohio-1541.

**{¶20}** In this case, the trial court found the phone call to the cell phone of Rowe's wife and the subsequent phone call to Rowe himself to be two events on the same date with sufficient intervals between them. Further, the trial court found Appellant's actions of driving past Appellee's home at a high rate of speed, exiting his vehicle near her house and pointing at her when he had no reason to be near her home to be threatening, when taken cumulatively. Based on the totality of the circumstances in this

case, we find no abuse of discretion in determining these incidents established two or more incidents closely related in time.

**{¶21}** Appellant further argues he did not "knowingly" cause harm or mental distress to Appellee and emphasizes he never had direct contact with Appellee. We disagree. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Further, "the weight to be given to the evidence and the credibility of the witnesses is primarily a matter for the trier of fact . . . because the trier of fact is in the best position to view the witnesses and consider their demeanor and truthfulness." *Jenkins v. Jenkins*, 10th Dist. No. 06AP-652, 2007-Ohio-422, ¶14.

**{¶22}** The evidence presented at the hearing provided competent, credible evidence from which the trial court could have determined Appellant acted knowingly. Rowe testified there was an ongoing dispute between Appellant and Appellee regarding property in the area. During Appellant's testimony, he was asked twice whether he threatened Appellee or her husband. Appellant did not deny making threats, only that a gun was not mentioned. Further, the trial court believed Rowe's testimony regarding the threatening nature of the two phone calls and Appellee's version of the incident on February 27, 2012, finding that the action of Appellant stopping at the end of the driveway, standing there and pointing at her from approximately fifty feet away, was threatening based upon the prior phone calls made by Appellant threatening to shoot Appellee and her husband. The trial court further noted the cumulative effect of the encounters of Appellant driving by Appellee's home at a high rate of speed. Appellee

testified she is afraid to stay alone, had a security system installed and is afraid to drive in and out of her driveway due to Appellant's actions.

**{¶23}** Accordingly, competent, credible evidence exists in the record from which the trial court could have determined Appellant acted knowingly for purposes of R.C. 2903.211.

**{¶24}** Based on the foregoing, we find no abuse of discretion by the trial court to overrule Appellant's objections to the CSPO. Appellant's Assignment of Error is overruled.

**{¶25}** The judgment of the Ashland County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P. J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


WSG:clw 0307

[Cite as *Tupps v. Jansen*, 2013-Ohio-1403.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JACQUELINE TUPPS | : | |
| | : | |
| Petitioner-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM JANSEN | : | |
| | : | |
| | : | |
| Respondent-Appellant | : | CASE NO. 2012-COA-26 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed.  Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY