[Cite as *State v. Coughlin*, 2019-Ohio-2143.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, J. |
| -vs- | : | | |
| | : | | |
| DIANA COUGHLIN, | : | | Case No. 18 CAC 09 0071 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:                 Appeal from the Delaware County
                                         Municipal Court, Case No. 18CRB
                                         01211

JUDGMENT:                                Dismissed

DATE OF JUDGMENT:                        May 30, 2019

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

MELISSA SCHIFFEL                         BRIAN M. ZETS
Delaware City Prosecutor's Office        DAVID C. MOSER
70 N. Union Street                       Isaac Wiles Burkholder & Teeter, LLC
Delaware, Ohio 43015                     Two Miranova Place, Suite 700
                                         Columbus, Ohio 43215

*Baldwin, J.*

{¶1} Diana Coughlin appeals the August 15, 2018 decision of the Delaware County Municipal Court finding her guilty of a failure to keep dogs under reasonable control, a violation of R.C. 955.22(C) and a minor misdemeanor. Appellant is the City of Delaware.

## STATEMENT OF FACTS AND THE CASE

{¶2} Robert Fitzpatrick was applying fertilizer to the appellant's lawn when he was attacked and bitten by four dogs while he was working within a fenced-in area purportedly constructed for the use of the dogs. Appellant was charged and convicted of failing to keep the dogs under control and she now contends there was insufficient evidence to support the conviction and that the trial court erroneously applied the terms of R.C. 955.22.

{¶3} Robert Fitzpatrick had been to appellant's property on six prior occasions in the course of his employment with a landscaping company and he followed the same procedure on this date. The property was large and required the efforts of two individuals to complete the job. Appellant's property was protected by a gated entrance. Someone at appellant's residence would grant Mr. Fitzpatrick access after he pressed a buzzer at the gate to be admitted. He and his co-worker would enter the property, park their vehicles and begin work. The landscapers would begin fertilizing on opposite sides of the property and would meet near the middle when finished. At his prior visits to the property, Mr. Fitzpatrick noticed that the dogs would be in the fenced area when he arrived and would be taken inside shortly after he arrived. Once they were inside he would fertilize the area within the fence.

{¶4}  He followed the same procedure on April 27, 2018 and he remembered that he could still hear the dogs barking when he entered the fenced area.  The dogs were always barking loudly, even when they were in the house, presumably because they could see Mr. Fitzpatrick through the windows in the back of the home.  Mr. Fitzpatrick noticed a change in the tone of the barks, and as he turned he saw that someone had released the dogs into the fenced area and they were heading toward him.  He braced for the impact and received several bite wounds.  Someone came from the home and retrieved the dogs and Mr. Fitzpatrick, after recovering, finished the application.

{¶5}  Once he completed the work, Mr. Fitzpatrick called his supervisor and reported the dog bite incident.  His supervisor directed him to visit an urgent care center where he was treated and released.  The urgent care center reported the dog bite to the county warden and the warden issued a citation after visiting the appellant's property.

{¶6}  The charges were presented at a bench trial and appellant was found guilty of a violation of R.C. 955.22(C), which states that "no owner, keeper, or harborer of any dog shall fail at any time to *** [k]eep the dog under the reasonable control of some person."  Appellant was fined $75.00 plus all court costs and fees.  Offered time to pay, the appellant chose to pay the fine and costs that same day.

{¶7}  Appellant filed a timely notice of appeal and submitted two assignments of error:

{¶8}  "I. THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY OF VIOLATING R.C. 955.22(C)(2) BECAUSE HER CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶9}   "II. THE TRIAL COURT ERRED BY NOT CONSTRUING THE LANGUAGE OF R.C. 955.22(C) IN FAVOR OF APPELLANT TO PROVIDE THAT ONLY ONE OR THE OTHER OF THE STATUTE'S SUBSECTIONS MUST BE COMPLIED WITH TO AVOID VIOLATING THE STATUTE."

**ANALYSIS**

{¶10} When a criminal defendant has voluntarily paid the fine or completed the sentence for the offense, an appeal is moot when no evidence is offered from which an inference can be drawn the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. *State v. Berndt*, 29 Ohio St.3d 3, 4, 504 N.E.2d 712, 713 (1987), as quoted by *State v. Wilson*, 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus (1975). The burden of presenting evidence of a "substantial stake in the judgment of conviction" is upon the defendant. *Id.*

{¶11} A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed; therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. *State v. Golston*, 71 Ohio St.3d 224, 1994-Ohio-109, 643 N.E.2d 109, syllabus, distinguishing *Berndt*, supra; *Wilson*, supra.

{¶12} Appellant herein was convicted only of a minor misdemeanor, and has voluntarily paid the fine and all costs. Upon review of the record, we find appellant has made no demonstration of collateral disability or loss of civil rights from the conviction.

**{¶13}** Accordingly, we find the appeal is moot, and is therefore dismissed.


By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.