[Cite as *Toombs v. McGuire*, 2021-Ohio-387.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER TOOMBS, et al. | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffan, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| TIMOTHY E. MCGUIRE | : | Case No. 20CA0005 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Morrow County
                            Court of Common Pleas, Case No.
                            2020 CV 00032

JUDGMENT:                   Dismissed

DATE OF JUDGMENT:           February 10, 2021

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CHRISTOPHER TOOMBS                     JEFFREY T. KLUESENER
4161 Co. Rd. 28                        Kluesener Law Office, LLC
Cardington, Ohio 43315                 P.O. Box 141204

*Baldwin, J.*

**{¶1}** Appellant, Timothy McGuire, appeals the April 9, 2020 decision of the Morrow County Court of Common Pleas granting appellee's petition for a stalking civil protection order. Appellee is Christopher Toombs.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellee, Christopher Toombs, filed a petition for a stalking civil protection order on March 10, 2020. The matter was presented to a magistrate on March 24, 2020 and the order was issued on April 7, 2020 and was effective until October 10, 2020. Appellant filed objections to the magistrate's order on April 23, 2020, but did not include a transcript of the hearing. The trial court denied the objections, finding that they were untimely filed and appellant filed an appeal to this court and submitted two assignments of error:

**{¶3}** "I. THE TRIAL COURT ERRED IN GRANTING THE STALKING CIVIL PROTECTION ORDER."

**{¶4}** "II. THE TRIAL COURT ABUSED ITS DISCRETIONARY ALLOWING AND RELYING ON EVIDENCE OF A PHONE CALL TO MRS. TOOMBS ALTHOUGH THE PHONE CALL WAS NOT AUTHENTICATED AND IS HEARSAY IN VIOLATION OF EVIDENCE. R. 901."

**{¶5}** Because the civil protection order has expired, we hold that this appeal is moot. However, even if the appeal was not moot, appellant's failure to supply a transcript for the trial court's review and his untimely objections would bar this appeal.

ANALYSIS

{¶6}    The civil protection order at issue was granted on April 7, 2020 and was limited to a sixth month existence, ending October 10, 2020.  Appellant's notice of appeal and brief were timely filed prior to the expiration of the order, but now that the deadline has passed and the appellee has not sought an extension of the order, there is nothing for this court to rule upon as the controversy between the parties has been rendered moot. "[I]t is well established that the role of courts is to "'decide actual controversies by a judgment which can be carried into effect.'" *Miner v. Witt,* 82 Ohio St. 237, 238, 92 N.E. 21 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895) and this court has "a responsibility to refrain from giving advisory opinions." *Smith v. Leis,* 111 Ohio St.3d 493, 2006-Ohio-6113, 857 N.E.2d 138, ¶ 16. *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487 ¶12. Because the protection order has expired, we cannot issue a "judgment which can be carried into effect" and our ruling would be purely advisory.

{¶7}    The Supreme Court of Ohio recently concluded that an appeal of a domestic violence protection order is moot once the order expired.  *Cyran v. Cyran,* 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9. In *Cyran,* the Court considered whether there were demonstrable legal collateral consequences arising from the order that would provide an exception to mootness. The Court had recognized this collateral consequences exception in civil and criminal cases where "the collateral consequence is imposed as a matter of law." *Id* at ¶ 9. The Court supplied several examples of the

application of the exception,[1] but noted that the exception was inapplicable in the context of a domestic violence civil protection order and held "that in the absence of demonstrated legal collateral consequences, the collateral-consequences exception to the mootness doctrine does not apply to an expired domestic-violence civil protection order." *Id.* at ¶7.

{¶8}   The same rational applies to McGuire's appeal and compels us to conclude that his appeal became moot when the trial court order expired and nothing within the record supports the application of the collateral consequences exception because no law imposed a restriction as a result of the expiration. *Id.* at 11.  The fact that this case does not involve a domestic violence protection order, but a stalking civil protection order, does not alter the analysis or the result.

{¶9}   We previously addressed the merits of appeals where the protection order expired prior to our consideration of the case even though we acknowledged the appeal was moot. *Daugherty v. Cross*, 5th Dist. Richland No. 2005-CA-0078, 2006-Ohio-5545, ¶

---

[1] *State v. Golston*, 71 Ohio St.3d 224, 227, 643 N.E.2d 109 (1994) (due to the numerous statutory restrictions imposed on convicted felons, an appeal of a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal); *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 23, 31 (a misdemeanant demonstrates a substantial stake in the judgment of conviction even after the sentence has been completed when he contests the charges at trial and, after being convicted, seeks a stay of execution of sentence for the purpose of preventing an intended appeal from becoming moot; in her concurring opinion, Justice Lundberg Stratton pointed to Ohio Revised Code provisions that use a prior misdemeanor charge to enhance the penalty for a future criminal charge or penalty); *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus (a misdemeanant must offer evidence from which an inference can be drawn that the misdemeanant suffers some collateral disability in order to maintain the right to appeal a conviction); *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 14, 18 (an appeal of a conviction for a traffic offense does not become moot after the defendant has paid the fines and costs, because the statutory imposition of points on a person's driver's license constitutes a collateral disability).

18; *Tupps v. Jansen,* 5th Dist. Ashland No. 2012-COA-26, 2013-Ohio-1403, ¶ 13. The Supreme Court's decision in *Cyran, supra,* leads us to conclude that considering the merits in this case would be imprudent.  Consequently, we hold that the expiration of the civil protection order rendered this matter moot and the appeal must be dismissed.

{¶10}  If, arguendo, this matter was not moot, we would be compelled to dismiss the appeal for appellant's failure to comply with Civil Rule 65.1 which requires that the appellant present timely objections to the magistrate's decision prior to the filing of an appeal with this court.

{¶11}  Civil Rule 65.1 applies:

[t]o special statutory proceedings under R.C. 3113.31, R.C. 2151.34, and R.C. 2903.214 providing for domestic violence, stalking, and sexually oriented offense civil protection orders, [and] shall be interpreted and applied in a manner consistent with the intent and purposes of those protection order statutes, and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with the provisions of this rule."

Civ.R. 65.1(A).

{¶12}  The rule expressly states that portions of Civ.R. 53 that would otherwise be applicable to the actions of the magistrate in such a hearing are not applicable in this context, including Civ.R. 53(D)(3)(b)(iv) which requires an objection to the magistrate's decision to preserve an issue for appeal. Civ.R. 65.1(F)(3)(b).  While that obligation to object is inapplicable, Civil Rule 65.1(G) provides an analogous mandate:

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

**{¶13}** We recently reviewed the application of this Rule throughout the state and held "that without timely filed objections under Civ.R. 65.1(G), [an appellant] may not challenge the trial court's decision on appeal." *Casto v. Lehr*, 5th Dist. Tuscarawas No. 2020 AP 02 0002, 2020-Ohio-3777, ¶ 21. We find that the same rational applies in the appeal before us. Appellant did file objections, but as noted by the trial court, those objections were filed outside the deadline imposed by the rule and were rejected by the trial court as untimely. McGuire's appeal would be barred for failure to comply with Civ.R. 65.1(G) if it was not moot.

**{¶14}** McGuire has also not supplied a written transcript of the hearing before the magistrate. "In the absence of a written transcript of the hearing, we have no record of the evidence presented to the magistrate, and we cannot speculate what testimony was given at that hearing. Rather, we must presume that the evidence supported the magistrate's findings." (Citations omitted.) *Florenz v. Omalley*, 2nd Dist. No. 28780, 2020-Ohio-4487, 158 N.E.3d 1009, ¶ 15; Knapp v. Edwards Laboratories, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). McGuire's appeal, assuming it was not moot, would be barred for failure to provide a transcript of the hearing.

**{¶15}** The questions presented by this appeal are moot as the relief sought can no longer be granted, and the appeal is hereby dismissed sua sponte. *State v. Brock*, 5th Dist. Licking No. 18-CA-10, 2018-Ohio-3404, ¶¶ 19-26.  For the forgoing reasons, appellant's appeal is found moot and the appeal is dismissed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.