[Cite as *A.F. v. R.A.T.*, 2021-Ohio-2568.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| A.F., Minor, By and Through Next of Kin, S.G.F., Father, | : | |
| | : | |
| Petitioner-Appellee, | | |
| | : | No. 20AP-23 |
| v. | | (C.P.C. No. 19DV-2431) |
| | : | |
| R.A.T., | | (ACCELERATED CALENDAR) |
| | : | |
| Respondent-Appellant. | : | |
| | : | |
| A.F., Minor, By and Through Next of Kin, S.G.F., Father, | : | |
| | | |
| Petitioner-Appellee, | : | |
| | | No. 20AP-24 |
| v. | : | (C.P.C. No. 19DV-2433) |
| | | |
| R.M.T., Sr., | : | (ACCELERATED CALENDAR) |
| | | |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on July 27, 2021

**On brief:** *R.A.T.* and *R.M.T., Sr.*, pro se.

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

BROGAN, J.

{¶ 1} On December 2, 2019, petitioner-appellee, a minor, obtained through his next of kin (his father) an ex-parte civil protection order against respondents-appellants (his mother and his step-father). A full hearing on the matter was held on December 10, 2019.

{¶ 2}   Following the hearing, the trial court issued a domestic violence civil protection order ("CPO") against both appellants pursuant to R.C. 3113.31.  The CPOs state that they remain in effect until December 9, 2020.  (Dec. 10, 2019 Order of Protection against R.A.T. at 1, 4; Dec. 10, 2019 Order of Protection against R.M.T., Sr. at 1, 4.)

{¶ 3}   Appellants appealed the CPOs, and this court consolidated the appeals for review. Appellants raise three assignments of error:

> 1. The court had no Findings of Facts in this case.  The court did not take into consideration the evidence presented by the Defendants.

> 2. The Defendants were unable to properly defend themselves in this matter due to the time frame and the inability to obtain the needed documents to present to the court.

> 3. The evidence that was presented to the court was not considered before the Civil Protection Order was granted for 1 full year.

(Appellants' Brief at 3.)  Appellants did not appear for oral argument.

{¶ 4}   Before addressing appellants' asserted errors, we sua sponte consider whether the appeals are moot considering the CPOs expired in December 2020.  "Courts generally exercise jurisdictional restraint in cases that do not present actual controversies, and we will dismiss an appeal when, absent fault of the parties, circumstances preclude us from granting effective relief." *Foster v. Foster*, 10th Dist. No. 11AP-371, 2011-Ohio-6460, ¶ 3, citing *Devine-Riley v. Clellan*, 10th Dist. No. 11AP-112, 2011-Ohio-4367, ¶ 3, citing *VanMeter v. VanMeter*, 10th Dist. No. 03AP-1107, 2004-Ohio-3390, ¶ 5.

{¶ 5}   Generally, within the context of domestic violence CPOs, "the expiration of a CPO renders an appeal from that order moot." *Foster* at ¶ 4, citing *Devine-Riley* and *VanMeter*. *See also Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, ¶ 7, 9 (declining "to establish a rebuttable presumption that an appeal from an expired domestic-violence civil protection order is not moot" and considering whether a certain exception to the mootness doctrine saved an appeal from an expired domestic violence CPO).

{¶ 6}   We note that some appellate courts have found that the "collateral-consequences exception" to the mootness doctrine applies to an appeal of an expired domestic-violence CPO issued pursuant to R.C. 3113.31.  *See Foster* at ¶ 4, citing *Wilder v.*

*Perna*, 174 Ohio App.3d 586, 2007-Ohio-6635, ¶ 16 (8th Dist.); *Echemann v. Echemann*, 3d Dist. No. 17-15-19, 2016-Ohio-3212, ¶ 23-26.  However, the Supreme Court of Ohio in *Cyran* recently held that "an appeal from an expired domestic-violence civil protection order does not satisfy the collateral-consequences exception to the mootness doctrine" absent "demonstrated legal collateral consequences." *Cyran* at ¶ 14 (also noting at ¶ 11 that "no provision of Ohio law * * * imposes a restriction as a result of an expired protection order").  As a result, an appellant that fails to argue that he or she has suffered any consequences or that merely speculates about the possibility of future consequences has not demonstrated a legally cognizable interest for which an appellate court can provide relief.  *Id.* at ¶ 11 ("Speculation is insufficient to establish a legally cognizable interest for which a court can order relief using the collateral-consequences exception to the mootness doctrine.").  Therefore, as applied in *Cyran*, the Supreme Court of Ohio affirmed the judgment of the Second District Court of Appeals dismissing an appeal of an expired domestic-violence CPO as moot where the appellant did "not demonstrate or argue that he has suffered any consequences." *Id.*

{¶ 7}    In the instant case, the CPOs appealed expired in December 2020, there is no indication that appellee has sought an extension of the orders, and appellants have not argued or otherwise demonstrated legal collateral consequences from the CPOs. Furthermore, while we note that other exceptions to the mootness doctrine exist—such as "cases that present a debatable constitutional question, a matter of great public interest[,] or an issue capable of repetition, yet evading review"—we, like in *Foster* at ¶ 6, "do not discern the presence of any such question or issue in this case."

{¶ 8}    Based on this record and the arguments offered here, we conclude that the questions presented by these appeals are moot. *Foster* at ¶ 7; *Cyran* at ¶ 1.  *See also Toombs v. McGuire*, 5th Dist. No. 20CA0005, 2021-Ohio-387, ¶ 9 ("The Supreme Court's decision in *Cyran* * * * leads us to conclude that considering the merits in this case would be imprudent. Consequently, we hold that the expiration of the civil protection order rendered this matter moot and the appeal must be dismissed"); *S.V. v. A.L.*, 10th Dist. No. 17AP-799 (Nov. 14, 2019) (memorandum decision) (applying *Cyran* to dismiss an appeal as moot

where the appellant failed to address any collateral consequences of an expired CPO).  For the foregoing reasons, we dismiss these appeals.

*Appeals dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.


BROGAN, J., retired, of the Second Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____