[Cite as *State v. Eddy*, 2022-Ohio-2176.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
|---|---|
| | Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 21 CA 104 |
| NICOLE EDDY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　Criminal Appeal from the Municipal Court,
　　　　　　　　　　　　　　　　　　　　Case No. 19 CRB 1099


JUDGMENT:　　　　　　　　　　　　　Dismissed


DATE OF JUDGMENT ENTRY:　　　　June 24, 2022


APPEARANCES:

For Plaintiff-Appellee　　　　　　　　　For Defendant-Appellant

AMY S. DAVISON　　　　　　　　　　TODD BARSTOW
40 West Main Street　　　　　　　　　261 West Johnstown Road, Suite 204
Newark, Ohio  43055　　　　　　　　　Columbus, Ohio  43230

*Wise, John, J.*

{¶1}   Defendant-Appellant Nicole Eddy appeals the revocation of her community control status and imposition of the remainder of her jail sentence.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On June 13, 2019, Appellant Nicole Eddy took items from a Walmart store located in Heath, Ohio. The value of those items was $79.49.

{¶3}   On June 14, 2019, Appellant was charged by way of Complaint with Theft, a misdemeanor of the first degree.

{¶4}   On September 27, 2019, Appellant appeared with counsel and entered a plea of guilty to that charge. The trial court imposed a jail term of ninety (90) days but suspended imposition of that term and placed her on community control for two years with certain conditions. (Judgment Entry 9/27/2019).

{¶5}   On March 2, 2020, the State filed a statement of violations.

{¶6}   On March 2, 2020, Appellant appeared without counsel. At that time Appellant received a copy of the probation violation motion and was advised of its contents. The trial court found probable cause that she had violated her probation. (Judgment Entry, 3/2/2020).

{¶7}   On November 30, 2021, Appellant's attorney received a copy of the sentencing entry and motion to revoke.

{¶8}   Following a series of continuances, some related to the pandemic and others for Appellant's failure to appear, the matter was set for final hearing on December 8, 2021.

{¶9} On December 8, 2021, Appellant appeared for the hearing with counsel. Counsel indicated to the trial court he was ready to proceed with the hearing. (T. at 3). Counsel did not object or ask for a continuance despite a lack of discovery prior to the beginning of the proceeding. At the conclusion of that hearing, the trial court revoked Appellant's community control status and imposed the remainder of the reserved jail term. (Judgment Entry 12/8/21).

{¶10} Appellant now appeals, raising the following assignments of error:

**ASSIGNMENT OF ERROR**

{¶11} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HER DUE PROCESS OF LAW AT HER COMMUNITY CONTROL REVOCATION HEARING."

**I.**

{¶12} In her sole Assignment of Error, Appellant argues that her due process rights were violated because she did not receive discovery prior to her probation violation hearing.

{¶13} When a criminal defendant has completed the sentence for the offense, an appeal is moot when no evidence is offered from which an inference can be drawn the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. *State v. Berndt*, 29 Ohio St.3d 3, 4, 504 N.E.2d 712, 713 (1987), as quoted by *State v. Wilson*, 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus (1975). The burden of presenting evidence of a "substantial stake in the judgment of conviction" is upon the defendant. *Id.*

**{¶14}** A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed; therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. *State v. Golston*, 71 Ohio St.3d 224, 1994-Ohio-109, 643 N.E.2d 109, syllabus, distinguishing *Berndt*, *supra*; *Wilson*, *supra*.

**{¶15}** Appellant herein was convicted only of a misdemeanor and has completed her sentence. Upon review of the record, we find Appellant has made no demonstration of collateral disability or loss of civil rights from the conviction. *See State v. Coughlin*, 5th Dist. Delaware No. 18 CAC 09 0071, 2019-Ohio-2143, ¶¶ 10-13.

**{¶16}** Any decision by this Court as to issues raised with regard to discovery would be purely advisory. "[I]t is well established that the role of courts is to " 'decide actual controversies by a judgment which can be carried into effect.' " *Miner v. Witt,* 82 Ohio St. 237, 238, 92 N.E. 21 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895) and this Court has "a responsibility to refrain from giving advisory opinions." *Smith v. Leis,* 111 Ohio St.3d 493, 2006-Ohio-6113, 857 N.E.2d 138, ¶ 16. *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487 ¶12. Because Appellant has completed her sentence in this matter, we cannot issue a "judgment which can be carried into effect" and our ruling would be purely advisory. *See Toombs v. McGuire*, 5th Dist. Morrow No. 20CA0005, 2021-Ohio-387, ¶ 6.

{¶17} Accordingly, we find this matter to be moot and hereby dismiss the instant appeal.


By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.


JWW/kw  0623