[Cite as *Keene v. Duke*, 2022-Ohio-2321.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| AMANDA KEENE | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Petitioner-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021 CA 0052 |
| KRISTY M. DUKE | : |  |
|  | : |  |
| Respondent-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Civil appeal from the Richland County Court
of Common Pleas, Case No. 2021CV168R

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      July 1, 2022

APPEARANCES:

For Petitioner-Appellee

AMANDA KEENE PRO SE
2294 Vivian Avenue
Ontario, OH 44906

For Respondent-Appellant

CASSANDRA J.M. MAYER
452 Park Avenue West
Mansfield, OH 44906

*Gwin, P.J.*

{¶1} Appellant Kristy Duke appeals the decision of the Richland County Court of Common Pleas granting appellee Amanda Keene's petition for a civil stalking protection order pursuant to R.C. 2903.214.

*Facts & Procedural History*

{¶2} On April 15, 2021, appellee filed a petition for civil stalking protection order ("CPO") pursuant to R.C. 2903.214, seeking an order preventing appellant from contacting her. Appellee did not request an ex parte order. The magistrate issued a notice of hearing, setting a full hearing for May 11, 2021. The Richland County Sheriff personally served appellant with the petition and notice of hearing on April 17, 2021.

{¶3} At 3:49 p.m. on May 10, 2021, counsel for appellant filed a notice of appearance and motion to continue. The trial court issued a judgment entry finding the motion moot and denying the motion on May 13, 2021, stating the following: the motion was filed eleven minutes before the end of the day on the afternoon before a 9:00 a.m. hearing; a copy of the motion was not given to the Court by counsel; the motion was not brought up to the Court until after the hearing was held; counsel for appellant did not contact the Court to inform the Court a continuance was requested; and neither appellant nor counsel appeared for the hearing.

{¶4} The magistrate held a hearing on the petition on May 11, 2021.

{¶5} On May 13, 2021, the magistrate issued an order of protection against appellant. Attached as Exhibit A to the order granting the CPO is a magistrate's order, including detailed findings of fact and conclusions of law. The magistrate's order noted appellant was not present at the hearing. The order provides, "[t]he terms of this Order

shall be effective until 5/11/2022." The order of protection was signed by the trial court judge.

{¶6}    Appellant filed objections to the magistrate's decision on May 26, 2021, but did not include a transcript of the hearing.  The trial court issued a judgment entry on June 16, 2021, overruling the objections to the magistrate's decision and affirming the denial of appellant's motion for continuance.

{¶7}    Appellant appeals the judgment entries of the Richland County Court of Common Pleas and assigns the following as error:

{¶8}    "THE TRIAL COURT ERRED IN FAILING TO GRANT THE CONTINUANCE REQUEST FILED BY RESPONDENT'S ATTORNEY OF RECORD THE DAY BEFORE THE HEARING, SETTING FORTH THE GROUNDS FOR THE REQUEST FOR CONTINUANCE AS PURSUANT [TO] THE RULES OF SUPERINTENDENCE, RESPONDENT'S ATTORNEY WAS IN THE MIDDLE OF A CRIMINAL JURY TRIAL IN LICKING COUNTY, OHIO, ON THE DATE OF THE HEARING IN THIS MATTER.

{¶9}    "II. THE TRIAL COURT FURTHER ERRED WHEN IT GRANTED THE PETITIONER'S REQUEST FOR AN ANTI-STALKING PROTECTION ORDER AGAINST RESPONDENT AS PETITIONER FAILED TO DEMONSTRATE SUFFICIENT EVIDENCE OF TWO OR MORE INCIDENTS, CLOSELY RELATED IN TIME, WHEREIN RESPONDENT CAUSED PETITIONER TO BELIEVE THAT SHE WOULD CAUSE HER PHYSICAL HARM OR MENTAL DISTRESS, AS REQUIRED BY STATUTE."

*Mootness*

**{¶10}** The CPO was granted on May 13, 2021, and was limited to a definite period, ending on May 11, 2022. Appellant did not seek a stay of the order, nor did she attempt to expedite this appeal. Appellant's notice of appeal and brief were filed prior to the expiration of the order, but now that the deadline has passed and appellee has not sought an extension of the order, there is nothing for this Court to rule upon as the controversy between the parties has been rendered moot. *Toombs v. McGuire*, 5th Dist. Morrow No. 20CA005, 2021-Ohio-387.

**{¶11}** "[I]t is well established that the role of the court is to 'decide actual controversies by a judgment which can be carried into effect,'" *Miner v. Witt*, 82 Ohio St. 237, 92 N.E.2d 138 (1910), and this Court has a "responsibility to refrain from giving advisory opinions." *Smith v. Leis*, 111 Ohio St.3d 493, 2006-Ohio-6113, 857 N.E.2d 138. Because the protection order has expired, we cannot issue a "judgment which can be carried into effect" and our ruling would be purely advisory.

**{¶12}** In a case analogous to this case in which a CPO had expired, we found the matter was moot and dismissed the appeal. We held that when a CPO expires prior to this Court's review and the appellee has not sought an extension of the order, the appeal is moot. *Toombs v. McGuire*, 5th Dist. Morrow No. 20CA005, 2021-Ohio-387. Other districts addressing the issue have similarly held the appeal of an expired CPO is moot. *A.F. v. R.A.T.*, 10th Dist. Franklin No. 20AP-23, 20AP-24, 2021-Ohio-2568; *B.M. v. G.H.*, 7th Dist. Mahoning No. 19 MA 0076, 2020-Ohio-3629.

**{¶13}** In *Toombs*, this Court relied on the Ohio Supreme Court's decision in *Cyran v. Cyran*. In *Cyran*, the Supreme Court concluded that an appeal of a domestic violence

protection order is moot once the order is expired. *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487. The Supreme Court considered whether there were demonstrable legal collateral consequences arising from the order that would provide an exception to the mootness doctrine. *Id.* While the Supreme Court had previously recognized the collateral consequences exception to the mootness doctrine in civil and criminal cases where collateral consequences were imposed as a matter of law, the Court emphasized that there are no restrictions that occur by operation of law on a person after the expiration of a CPO. *Id.* Further, that speculation regarding possible future consequences to a person subject to a CPO is insufficient to overcome the mootness doctrine. *Id.* Because there are no demonstrated legal collateral consequences, the "collateral-consequences exception to the mootness doctrine does not apply to an expired domestic-violence civil protection order." *Id.*

{¶14} The same rationale applies to appellant's appeal in this case, and compels us to conclude that her appeal became moot when the trial court order expired. As we stated in *Toombs*, "the fact that this case does not involve a domestic violence protection order, but a civil stalking protection order, does not alter the analysis or result." *Toombs v. McGuire*, 5th Dist. Morrow No. 20CA005, 2021-Ohio-387.

{¶15} Based on the foregoing, we find the questions presented by this appeal are moot as the relief sought can no longer be granted.

{¶16}  Consequently, the above-captioned appeal is dismissed.


By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur

[Cite as *Keene v. Duke*, 2022-Ohio-2321.]