**[Cite as *M.G. v. S.M.*, 2023-Ohio-4678.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [M.G.], | : | |
| Petitioner-Appellee, | : | |
| | | No. 23AP-113 |
| v. | : | (C.P.C. No. 22DV-2373) |
| [S.M.], | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on December 21, 2023

**On brief:** *Vassy Law Office*, and *Nicholas E. Vassy*, for appellee. **Argued:** *Nicholas E. Vassy.*

**On brief:** *Einstein Law, LLC*, and *Dianne D. Einstein*, for appellant. **Argued:** *Taylor Jones.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, J.

**{¶ 1}** Respondent-appellant, S.M., appeals a judgment from the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the petition for a domestic violence civil protection order ("DVCPO") filed by petitioner-appellee, M.G., on behalf of herself. For the following reasons we dismiss this appeal as moot.

**I. FACTS AND PROCEDURAL HISTORY**

**{¶ 2}** On December 19, 2022, M.G. filed a petition for a DVCPO from S.M. for herself and her minor children. On January 27, 2023, the Franklin County Court of Common Pleas, Division of Domestic Relations, held a full hearing. The court found that M.G. had proven that S.M. committed domestic violence against her and placed her in fear of imminent physical harm and that a DVCPO was necessary to protect her from further

domestic violence. (Feb. 17, 2023 Order at 2.) The DVCPO was for eight months and was set to expire on September 30, 2023.

**{¶ 3}** S.M. now appeals and asserts the following assignments of error:

(1) The trial court erred in its finding that M.G. was in immediate and present danger of domestic violence and temporary civil protection orders were necessary to protect [her] from domestic violence.

(2) The trial court erred when it based its decision on S.M.'s past acts.

(3) The trial court erred as the granting of a civil protection order was not supported by the manifest weight of evidence.

## II. LEGAL ANALYSIS

**{¶ 4}** Before we turn to S.M.'s assignments of error, we sua sponte consider whether the appeal is moot, given that the DVCPO expired on September 30, 2023.

**{¶ 5}** Pursuant to the mootness doctrine, a court will not decide a case in which there is no longer any actual controversy. *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 37. This court has stated the general rule that " 'the expiration of a [civil protection order] renders an appeal from that order moot.' " *A.F. v. R.A.T.*, 10th Dist. No. 20AP-23, 2021-Ohio-2568, ¶ 5, quoting *Foster v. Foster*, 10th Dist. No. 11AP-371, 2011-Ohio-6460, ¶ 4. The Supreme Court of Ohio has held that "in the absence of demonstrated legal collateral consequences, the collateral-consequences exception to the mootness doctrine does not apply to an expired domestic-violence civil protection order." *Cyran v. Cyran,* 152 Ohio St.3d 484, 486 (2018). The collateral-consequences exception to mootness "applies [only] in cases in which the collateral consequences is imposed as a matter of law" and causes an appellant to suffer a collateral disability. *Id.* at 487. The Supreme Court included an example of the collateral consequences exception as "the statutory imposition of points on a person's driver's license constitutes a collateral disability" in an appeal of a conviction for a traffic offense after fines and costs have been paid. *Id.* at 490, citing *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 14, 18. The court also noted that "[s]peculation is insufficient to establish a legally cognizable interest for which a court can order relief using the collateral-consequences exception to the mootness doctrine." *Id.* at 490.

{¶ 6}   There is no dispute here that the DVCPO had expired prior to the oral argument in this appeal.   Here, S.M. does not demonstrate any legal collateral consequences from the DVCPO.   In oral argument, S.M.'s counsel argued that while the DVCOP has expired, its existence is still on his record and that he is concerned about the effect it may have on work opportunities and his career.   As we have noted, however, speculative effects are insufficient for this court to find applicable the collateral-consequences exception to mootness.  As the DVCPO at issue expired by its own terms and neither the collateral-consequences exception nor any other exception to the mootness doctrine applies to this case, we conclude that the questions presented by the appeal are moot.  *A.F.* at ¶ 7-8.

## III.  CONCLUSION

{¶ 7}   Based on the reasons stated above, the issues raised in this appeal are moot. Therefore, we dismiss this appeal.

*Appeal dismissed.*

MENTEL and EDELSTEIN, JJ., concur.

———————————