[Cite as *Thompson v. Atkins*, 2025-Ohio-416.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

JENNIFER THOMPSON,       :

      :       Case No. 23CA6

      Petitioner-Appellee,       :

      :

      v.       :       <u>DECISION AND JUDGMENT</u>

      :       <u>ENTRY</u>

TERRY ATKINS,       :

      :       **RELEASED: 02/04/2025**

      Respondent-Appellant.       :

<u>APPEARANCES:</u>

Jorden Meadows, Logan, Ohio, for appellee.[1]

Joshua A. Wilson, Westerville, Ohio, for appellant.

Wilkin, J.

{¶1} Appellant, Terry Atkins, appeals the Hocking County Court of Common Pleas' decision granting Jennifer Thompson's petition for a civil stalking protection order ("CSPO"). In his sole assignment of error, Atkins argues that the trial court's decision should be reversed because it is not supported by the preponderance of the evidence establishing a pattern of conduct demonstrating the menacing element. While the appeal was pending, the CSPO expired. Accordingly, the issue is moot and the appeal is dismissed.

FACTS AND PROCEDURAL BACKGROUND

{¶2} Thompson and Atkins are co-workers at the United States Postal office in Logan, Ohio. Thompson in December 2022, requested a CSPO claiming that for the past two years, Atkins has been "scaring" her. Thompson

---

[1] Thompson did not appear or otherwise participate in this appeal.

elaborated that Atkins has screaming outbursts and throws items while at work. And a year prior to requesting protection, Atkins physically assaulted Thompson by shoving and pinning her using a cart. This resulted in a bruised spine to Thompson. More recently, the day of the protection order request, Atkins threatened Thompson stating: "I know you can hear me," "Bitch I know you can hear me," " I know where you live," "[g]et right with God" and "I'm coming for you."

{¶3} At the conclusion of the ex-parte hearing, the trial court granted Thompson a temporary protection order and scheduled the matter for a full hearing. At the March 2022 hearing, Thompson and Atkins both testified. Additionally, they each presented the testimony of co-workers and others, and Thompson admitted three exhibits. Two of the exhibits related to the assault by Atkins on Thompson the year prior: a medical document that indicated an injury to her spine, and a police report of the assault.

{¶4} The trial court granted Thompson a protection order finding by the preponderance of the evidence:

1. The Respondent caused Petitioner physical harm on February 27, 2021, by pushing his mail cart into the back of the Petitioner leaving bruises;
2. On December 22, 2022, the Respondent threatened the Petitioner by stating that "you need to get right with God because I know where you live and I'm coming for you;"
3. The Respondent has engaged in verbal intimidation against the Petitioner from February 2021 through December 2022;
4. The Petitioner is in fear of physical harm;
5. The Petitioner has suffered emotional harm.

{¶5} It is from this order that Atkins appeals.

ASSIGNMENT OF ERROR

APPELLEE FAILED TO PROVE A PRIMA FACIE CASE FOR A MENACING BY STALKING CIVIL PROTECTION ORDER UNDER THE REQUIREMENTS OF STATUTORY GUIDELINES OF O.R.C. 2903.211.   BY A PREPONDERANCE OF THE EVIDENCE, APPELLEE HAS FAILED, THROUGH THE EVIDENCE PROVIDED AT TRIAL, TO MEET THE STATUTORY GUIDELINES TO PROVE THE APPELLANT'S ACTIONS FIT THE CRITERIA FOR AN ORDER OF A CIVIL PROTECTION ORDER UNDER O.R.C. 2903.211.   MS. THOMPSON'S TESTIMONY, COMBINED WITH THE TESTIMONY OF HER WITNESSES, FAILS TO MEET THE STATUTORY GUIDELINES TO PROVE MENACING BY STALKING AS DEFINED UNDER O.R.C. 2903.211.

{¶6} Atkins maintains that the trial court's decision granting Thompson's request for a protection order is not supported by the preponderance of the evidence.  Atkins contends Thompson's testimony contained conflicting statements and her claim of assault, harassment, and threats, were not supported by any of her witnesses' testimony.  To demonstrate menacing, Thompson was required to demonstrate a pattern of conduct, not one incident, which Atkins claims she did not establish.  Thus, Atkins requests that we reverse the trial court's decision.

Law and Analysis

{¶7} The trial court granted Thompson's request for a protection order after conducting a full hearing.  The trial court, however, did not grant the protection order for the maximum permissible duration of five years.  Rather, it granted the protection order until December 2024.  Thus, while the appeal was pending, the protection order expired.  And there is nothing in the record to suggest that Thompson has attempted to extend the protection order.

{¶8} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). Therefore, "[c]ourts should 'not * * * give opinions upon moot questions or abstract propositions, or * * * declare principles or rules of law which cannot affect the matter in issue in the case before it.' " (Ellipsis sic.) *Jones v. Jones*, 2021-Ohio-1498, ¶ 53 (4th Dist.), quoting *Miner v. Witt*, 82 Ohio St. 237, 238 (1910). And "[a]n issue becomes moot when it is or has 'become fictitious, colorable, hypothetical, academic or dead.' " *Id.*, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist. 1948). And we previously stated that

> [t]here are exceptions to the mootness doctrine, such as when issues are "capable of repetition, yet evading review." See *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St .3d 173, 175, 586 N.E.2d 101. "[T]his exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182; see, also, *State ex rel. White v. Kilbane Koch,* 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508. The Supreme Court of Ohio has recognized two other exceptions to the mootness doctrine: (1) when the issue involves "a matter of great public interest," or (2) when "there remains a debatable constitutional question to resolve." *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 505 N.E.2d 966, paragraph one of the syllabus; see, also, *State ex rel. White.*

*McClead v. McClead*, 2007-Ohio-4624, ¶ 15 (4th Dist.).

{¶9} None of these exceptions apply here. Moreover, the Supreme Court of Ohio held that "in the absence of demonstrated legal collateral consequences, the collateral-consequences exception to the mootness doctrine does not apply

to an expired domestic-violence civil protection order." *Cryan* at ¶ 7. This is because, "under current law, the collateral-consequences exception to mootness applies in cases in which the collateral consequence is imposed as a matter of law." *Id.* at ¶ 9. And "there is no provision of Ohio law that imposes a restriction as a result of an expired protection order." *Id.* at ¶ 11.

{¶10} The Seventh District Court of Appeals in *B.M. v. G.H.*, found the appeal to be moot because the protection order expired and the appellant failed to meet her burden of demonstrating a specific collateral consequence existed in her case. 2020-Ohio-3629, ¶ 17 (7th Dist.). Similarly, the Tenth District concluded that the issues presented on appeal that involved an expired protection order were moot because the protection order "at issue expired by its own terms and neither the collateral-consequences exception nor any other exception to the mootness doctrine applies[.]" *M.G. v. S.M.*, 2023-Ohio-4678, ¶ 6 (10th Dist.).

{¶11} The Tenth District and the Fifth District both applied the same mootness doctrine to a CSPO, which is the type of protection order at issue here. The Tenth District dismissed the appeal finding:

> As the CSPO at issue expired by its own terms and neither the collateral consequences exception nor any other exception to the mootness doctrine applies to this case, we conclude that the questions presented by the appeal are moot.

*M.B. v. Mettke*, 2022-Ohio-4166, ¶ 9 (10th Dist.).

{¶12} The Fifth District also held that

> [t]he same rational applies to McGuire's appeal and compels us to conclude that his appeal became moot when the trial court order expired and nothing within the record supports the application

of the collateral consequences exception because no law imposed a restriction as a result of the expiration. *Id.* at 11. The fact that this case does not involve a domestic violence protection order, but a stalking civil protection order, does not alter the analysis or the result.

*Toombs v. McGuire*, 2021-Ohio-387, ¶ 8 (5th Dist.).

{¶13} In the matter at bar, the protection order expired while Atkins' appeal was pending and there is no evidence that Thompson requested an extension of the protection order.  Further, none of the exceptions to the mootness doctrine apply.  Accordingly, Atkins' assignment of error is moot because the protection order expired.  Therefore, we dismiss the appeal.

CONCLUSION

{¶14} Atkins' appeal is dismissed since the issue is moot as the protection order expired.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**